UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA } | |
| } | |
| v. } | |
| } | |
| CHARLES EDWARD WALKER, JR., } | Case No.: 2:17-CR-539-RDP-SGC |
| } | |
| Defendant. } | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on Defendant Charles Edward Walker, Jr.'s Emergency Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. # 96). For the reasons set forth below, the Motion is due to be denied.

**I.    Background**

On February 22, 2018, Walker pleaded guilty to conspiracy to possess with the intent to distribute heroin and cocaine base. (Docs. # 25, 26, 29). At that time, Walker already had two prior felony drug convictions. (Doc. # 26 at 2). On May 16, 2019, Walker was sentenced to be imprisoned for a term of eighty-seven (87) months. (Doc. # 69 at 2). His report date was June 6, 2019. (*Id.*). Walker has thus served approximately 49 months of his 87-month sentence. The Bureau of Prisons reports that Walker is 52 years old and has an anticipated release date of September 15, 2024.[1] Walker is incarcerated in the low-security facility at the Federal Correctional Institution at Forrest City, Arkansas (Forrest City Low FCI).

Walker previously submitted several motions requesting compassionate release in 2020. (Doc. # 75, 78, 79, 81). This court denied Walker's motions on September 3, 2020, due to Walker's

---

[1] The Federal Bureau of Prisons website provides information regarding an inmate's projected release date. https://www.bop.gov/inmateloc/.

failure to demonstrate extraordinary and compelling reasons to reduce his sentence. (Doc. # 83 at 5).

Walker submitted a new Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for Compassionate Release on November 14, 2022. (Doc. # 96). In the motion, Walker reports several underlying medical conditions, including "high blood pressure, major depressive disorder, and tumors on his eyes." (Doc. # 96 at 1). He appears to have requested that the BOP seek compassionate relief on his behalf on August 10, 2020. (Doc. # 96-2 at 1).

## II.     Legal Standard

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. U.S.*, 560 U.S. 817, 824 (2010) (internal quotations omitted). The exception in 18 U.S.C. § 3582(c)(1)(A) provides that, when a defendant has exhausted his administrative remedies, the court may exercise its discretion to reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if 1) extraordinary and compelling reasons warrant such a reduction and 2) such a reduction is consistent with applicable policy statements. *U.S. v. Smith*, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020). "The defendant generally bears the burden of establishing that compassionate release is warranted." *Id.* (citing *U.S. v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## III.    Analysis

### A.     Administrative Exhaustion Requirement

A district court is not free to modify a term of imprisonment once it has been imposed, except in two circumstances: upon motion of the Director of the BOP; or upon motion by a defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to

bring a motion on his behalf, or 30 days have elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009).

Walker filed a Request for Administrative Remedy with the BOP on August 10, 2020. (Doc. # 96-2 at 1). Walker had not received a response when he filed his Motion on November 14, 2022, well over 30 days past the date of his Request for Administrative Remedy. (Doc. # 96-1 at 4). For that reason, it appears that Walker has satisfied the 30-day exhaustion requirement. However, whereas Walker's most recent Emergency Motion expresses concern about his blood pressure, major depressive disorder, and tumors on his eyes, his August 2020 request for administrative remedy dealt primarily with the COVID-19 pandemic. (*Id.* at 1; Doc. # 96-2 at 1). Because Walker made his request to the BOP over two years before filing his Motion and his bases for the request were different than those asserted in his Emergency Motion, it is arguable whether Walker satisfied the exhaustion requirement. Regardless, Walker's Motion is due to be denied because, as discussed below, he failed to demonstrate extraordinary and compelling reasons to reduce his sentence.

**B.  Section 3553(a) Factors and Extraordinary and Compelling Reasons**

Although Walker has at least arguably demonstrated that he satisfied the exhaustion requirement, the question still remains whether, "considering the factors set forth in [§] 3553(a)," "extraordinary and compelling reasons warrant" a reduction in his sentence, "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

United States Sentencing Guideline § 1B1.13 is the applicable policy statement related to compassionate release. That section -- which was adopted before Congress authorized defendants to seek relief under § 3582(c) on their own behalves -- essentially reiterates the requirements of §

3

3582(c)(1)(A), with the additional requirement that a defendant "not be a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). The application notes to § 1B1.13 provide examples of extraordinary and compelling reasons to grant a compassionate release.

Application Note 1 states:

Provided the defendant [is not a danger to the safety of any other person or to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant --

    (i)  The defendant is suffering from a terminal illness[.]

    (ii) The defendant is [suffering from a health condition] that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant -- The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances --

    (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other reasons -- As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1. As noted, the basis for compassionate release must be "consistent with" this policy statement. 18 U.S.C. § 3582(c)(1)(A)(i).

Walker argues that his medical conditions, including hypertension, high cholesterol, major depressive disorder, tumors on his eyes, and spontaneous seizures, are extraordinary and

4

compelling reasons to grant him compassionate release. (Doc. # 96-1 at 5). However, Application Note 1(A)(ii) applies to conditions from which an inmate "is not expected to recover," and there is no record evidence supporting a conclusion that Walker can meet that requirement. The medical records submitted by Walker from a June 9, 2021 visit to the infirmary identify Walker's conditions as disorder of eyelid, essential (primary) hypertension, and major depressive disorder. (Doc. # 96-3 at 2). However, there is no mention of seizures or a terminal diagnosis, and the nurse noted that Walker appeared well, alert, and oriented. (*Id.* at 1–2). Therefore, Walker has failed to show that he is unable to provide self-care within the environment of a correctional facility. Walker has thus failed to demonstrate extraordinary and compelling reasons to reduce his sentence.

Even if extraordinary and compelling reasons existed, guideline § 1B1.13 and the § 3553(a) factors weigh against compassionate release in Walker's case. To begin, § 1B1.13(2) -- which § 3582(c) incorporates -- states that a sentence may be reduced only when "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Walker argues that he is a non-violent offender, has served more than half his sentence, and "his likelihood of re-offending is low given his health concerns, supportive family, him being fifty-one years old, and his remorse for his actions that led to his incarceration." (Doc. # 96-1 at 5).

Starting with recidivism, Walker had been convicted of two felony drug charges, in addition to other crimes, when he committed the offense for which he is currently imprisoned. Walker was charged with Trafficking Cocaine but pled guilty to the lesser charge of Unlawful Possession of Controlled Substance in 1999. Walker was charged with possession of marijuana and cocaine and dog fighting in 2008. He was charged in 2009 with Trafficking Cocaine but again pled guilty to Unlawful Distribution of Controlled Substance. In 2016, Walker was charged with

Trafficking Morphine, an offense related to the conduct for which he is currently imprisoned. (Doc. # 67). This criminal history indicates a risk of recidivism.

As to whether the offense was non-violent, § 1B1.13(2) incorporates by reference 18 U.S.C. § 3142(g), which provides factors to determine whether a person is a "danger to the safety of any other person or the community." Among those factors is whether the defendant possessed a firearm; whether the offense involved a controlled substance; and whether, at the time of the current offense, the person was on probation, parole, or other release pending completion of a sentence. 18 U.S.C. § 3142(g). As this court discussed in its September 3, 2020, decision, Walker's 2016 offense involved approximately one kilogram of heroin, a significant amount of a controlled substance. Therefore, Walker poses a danger to the community.[2]

To reduce Walker's sentence as requested would diminish his transgressions and undermine the goals of the original sentence, among them, the need to dispense adequate punishment for defendant's multiple acts throughout his criminal career and to deter others from emulating his behavior.

**IV.   Conclusion**

Defendant Walker's Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for Compassionate Release (Doc. # 96) is **DENIED**.

**DONE** and **ORDERED** this July 5, 2023.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[2] Some courts have concluded that the term "safety of the community" refers "not only to the mere danger of physical violence but also to the danger that the defendant might engage in criminal activity to the community's detriment." *United States v. Mackie*, 876 F. Supp. 1489, 1491 (E.D. La. 1994) (reviewing same phrase in 18 U.S.C. § 3148, which, like 1B1.13 incorporates § 3142(g)). That is certainly the case with drug crimes.